EASTERN DISTRICT OF CALIFORNIA
CASE NO. 5:14-mj-00050-JLT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, Plaintiff(s) v. TODD ALLEN BROWN Defendant(s) | CASE NUMBER: CR 92-0877 WMB<br><br>**WARRANT FOR ARREST** |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest TODD ALLEN BROWN and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐ Complaint ☐ Indictment ☐ Information ☐ Order of Court ☒ Violation Petition ☐ Violation Notice

charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

Unarmed Bank Robbery and Failure to Appear on April 25, 2005 for Hearing on his Revocation of Supervised Release.

in violation of Title 18 United States Code, Section(s) 2113 (a)

| | |
|---|---|
| Sherri R. Carter<br>NAME OF ISSUING OFFICER | |
| Clerk of Court<br>TITLE OF ISSUING OFFICER | Bail Fixed at 0.00 - April 27, 2005, Los Angeles, CA<br>DATE AND LOCATION OF ISSUANCE |
| [signature] 1097<br>SIGNATURE OF DEPUTY CLERK | BY: Wm. Matthew Byrne, Jr. / U.S. District Judge<br>NAME OF JUDICIAL OFFICER |

## RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

DATE RECEIVED

NAME OF ARRESTING OFFICER

DATE OF ARREST

TITLE

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO

SIGNATURE OF ARRESTING OFFICER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

**Duplicate Original**

**Case No.** CR 92-0877 WMB **Date** June 8, 2005

**Present: The Honorable** WM. MATTHEW BYRNE, JR., SENIOR U.S. DISTRICT JUDGE

**Interpreter**

| Vangelina Pina | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Todd Allen Brown - Supervised Release | Not | | | Mike Garcia, DFPD | Not | | x |

**Proceedings:** Warrant to be Issued - In Chambers - Notice

On April 25, 2005 the defendant Todd Allen Brown failed to appear, Court orders the Attached "No Bail" Bench Warrant to be issued.

cc: All Counsel of Record.
USM
USP

: 

Initials of Deputy Clerk vp

COPY

**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA
PROBATION OFFICE

April 18, 2005

LORETTA S. MARTIN
CHIEF PROBATION OFFICER

600 U. S. COURTHOUSE
312 N. SPRING STREET
LOS ANGELES 90012-4708

PLEASE REPLY TO:

290 N. D STREET
SUITE 700
SAN BERNARDINO, CA 92401-1705

Honorable Wm. Matthew Byrne, Jr.
Senior U. S. District Judge
United States Court House
Los Angeles, California 90012

**Re: BROWN, Todd Allen**
**Docket No. CR92-00877-WMB**

Dear Judge Byrne:

The purpose of this correspondence is to advise the Court that Mr. Brown has violated the conditions of his supervised release and to recommend that he be cited into Court for revocation proceedings. This correspondence represents the Probation Officer's final letter.

For Court history, please see the attached Judgment and Commitment Order; Court letters dated September 9, 2003, and December 8, 2004; and Judgment and Commitment Order for Revocation Hearing dated December 8, 2004.

**OFFENDER CHARACTERISTICS**

On December 14, 2005, Mr. Brown was released from custody to Phoenix House, a residential drug treatment facility, pursuant to Court orders. Mr. Brown participated in this program until he left on March 22, 2005.

**ALLEGED VIOLATIONS**

Mr. Brown did not return from a job search on March 22, 2005, to the residential treatment program. He was discharged on that date for failing to report. Mr. Brown told the Probation Officer that he left the program because he used methamphetamine and knew he would be kicked out of the program for the positive drug test. Mr. Brown admitted that he was offered the drug from another resident and used it while in the program.

Mr. Brown telephoned the Probation Officer on March 23, 2005, to provide her with an explanation and his current address. He indicated that he knew he was wrong, wanted to cooperate, and promised he would report to his court hearing.

**JUSTIFICATION/RECOMMENDATION FOR CITATION**

At his recent revocation hearing, Mr. Brown was facing a significant sentence for having absconded supervision and testing positive for drugs. He remained an absconder for over a year. He was placed in a residential program to address his drug addiction, recognizing that he did not previously have the opportunity of treatment. Unfortunately, Mr. Brown has again used drugs in a very short time following his release from prison. It does not appear he is amenable to treatment at this time.

**SENTENCING OPTIONS**

For details of sentencing options in this matter, please see the attached Sentencing Considerations.

**JUSTIFICATION/RECOMMENDATION FOR SENTENCING**

Mr. Brown has shown a pattern of behavior while on supervision, underestimating the extent of his drug addiction and relapsing quickly. Once he relapses, he walks away from his supervision and treatment. Although Mr. Brown claims he has learned from the drug program and is willing to be cooperative, he does not speak about a willingness to be drug free. On both occasions, while previously on supervision and while in the Phoenix House program, he had an opportunity to ask for help rather than walk away, but chose not to do so. The environment in a residential drug treatment program requires self-discipline, as residents can be easily tempted by being accessible to drugs from other participants or while in the community. Success relies on a person's commitment to be drug-free. It is the Probation Officer's opinion that Mr. Brown is not committed.

To Mr. Brown's credit, while in the drug program he demonstrated a positive attitude and participated fully in group counseling. His counselors spoke highly of him before he walked away. Additionally, Mr. Brown called the Probation Officer immediately after leaving the program, indicating he would cooperate with the Probation Officer.

There are aspects of Mr. Brown's personality that are positive; however, it appears he does not want to give up his drug use and, as such, he cannot be successful in any treatment program or on supervision. The Probation Officer is therefore recommending revocation of his supervision and a custodial sentence.

**RECOMMENDATION**

Having reviewed the attached Sentencing Considerations, it is recommended that supervised release be revoked and Mr. Brown be sentenced to a period of custody.

Respectfully,

LORETTA S. MARTIN
Chief U. S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of April, 2005.

MARIA G. ZARGLIS
U. S. Probation Officer
Telephone No. (909) 383-5780

Supvr. PO Douglas Bys, (909) 383-5524